# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

AUTO ARMOR SPECIALIST, LLC and
JCJB MARKETING INC.,

    Plaintiffs,                                      Case No.:

v.

PELICAN INVESTMENT HOLDINGS,
LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiffs Auto Armor Specialist, LLC ("Auto Armor") and JCJB Marketing, Inc. ("JCJB") (collectively, "Plaintiffs") sue Defendant Pelican Investment Holdings, LLC ("Pelican Investment" or "Defendant"), and allege:

## JURISDICTION AND VENUE

1. This action involves, among other things, fraud, violation of Florida Deceptive and Unfair Trade Practices Act, breach of contract, breach of implied contract and unjust enrichment that Defendants have perpetrated upon Plaintiffs.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship.

3. This is an action for money damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorneys' fees.

4. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. §1391(b).

5. Plaintiff Auto Armor Specialist, LLC is a California limited liability company with its principal place of business located in California. Auto Armor's sole member resides in California.

6. Plaintiff JCJB is a California corporation with its principal place of business located in California.

7. Defendant Pelican Investment Holdings, LLC, is a Delaware limited liability company authorized to transact business in the State of Florida, with its principal place of business located at 1300 N. Congress Avenue, West Palm Beach, Florida 33409. Pelican Investment Holdings, LLC's sole member and manager is Falcon Endeavors, Inc., a Delaware corporation whose principal place of business is also at 1300 N. Congress Avenue, West Palm Beach, Florida 33409.

## GENERAL ALLEGATIONS

8. On or around late 2020 and/or early 2021, Pelican Investment and Plaintiffs began discussions of entering into an agreement whereby Plaintiffs would sell vehicle service contracts (VSCs) on behalf of Defendant for a specified percentage of the sale price.

9. Based on the agreement the parties reached, Defendant would send potential customers to Plaintiffs by telephone. The way calls would work is that once a potential customer was on the line, Defendant would then route the call to Plaintiffs.

10. Plaintiffs would then attempt to sell a Defendant-administered VSC to the customer that was routed to them by Defendant. If Plaintiffs were successful, the customer would make a one-time down-payment to Plaintiff, and then the remainder of the payments would be made by the customer to a third-party payment plan company until the total cost of the VSC was paid off.

11. Pursuant to the agreement the parties came to, the formula Pelican agreed to pay Plaintiffs for such sales was as follows: Pelican would subtract the down payment already made by the customer, a profit for Pelican, a fee which was used by Pelican to pay claims of customers needing repairs (the "dealer cost"), and then a specified portion of the balance to the Plaintiff which sold the VSC.

12. The portion to be paid to each plaintiff pursuant to the agreed upon formula was reflected in funding reports that Pelican would send to Plaintiffs each week. The funding report which was sent to Plaintiffs also outlined the total sales and ultimately how much was due to each party.

13. Even though the weekly funding reports outlined what each party was supposed to be paid pursuant to the agreed upon formula, Pelican, without authorization or agreement from Plaintiffs, would deduct additional amounts.

14. For example, the June 24, 2021 funding report Pelican sent to JCJB stated that JCJB was to be paid $37,462.59. Instead, Pelican, without authorization, withheld $3,100.00 from that week's payment to JCJB.

15. Also, by way of example, the May 7, 2021 funding report provided by Pelican to Auto Armor showed that Pelican was to pay Auto Armor $78,835.75. Instead, Pelican, without authorization, withheld $47,273.75 from that week's payment to Auto Armor.

16. Pelican utilized this short pay scheme on both JCJB and Auto Armor many times throughout the course of Plaintiffs' selling VSCs on behalf of Pelican.

17. As a result of Pelican's unfair and deceptive business practices, Plaintiff JCJB lost over $100,000 from the short-funding and at least an additional $250,000 for the last six weeks of the relationship, where no funding or reports were sent at all by Pelican.

18. As a result of Pelican's unfair and deceptive business practices, Plaintiff Auto Armor lost approximately $221,000 from the short-funding and at least an additional $600,000 for a nine-week period where no funding reports were provided by Pelican.

19. Unbeknownst to Plaintiffs at the outset of the relationship, Pelican planned to and did, utilize a mass "press-1" robo-dialing campaign (often times contacting numbers on the "Do Not Call" directory) in violation of various federal and state laws to route live calls to Plaintiffs.

20. Defendant never disclosed to Plaintiffs that it planned to create sales opportunities through illicit and/or illegal means. Defendant knew that if it had disclosed its business practices to Plaintiffs, that Plaintiffs would not have entered into an agreement to sell VSCs for Pelican.

21. Plaintiffs learned of Pelican's illegal mass dialing campaign when Auto Armor and JCJB began receiving complaints. Auto Armor and JCJB were forced to defend and settle multiple complaints arising out of calls made by Pelican and sent to Plaintiffs.

22. Plaintiffs have retained the law firm of Lewis Brisbois Bisgaard & Smith LLP to provide legal services to represent their interests in this action and have agreed to pay the firm a reasonable fee for services rendered.

23. All conditions precent to this action have been performed, occurred, satisfied, waived, or excused or the performance of conditions precent would be futile.

## COUNT I – Breach of Contract

24. Plaintiffs re-allege and incorporate paragraphs 1 through 23 as if fully set forth herein.

25. Defendant Pelican and Plaintiffs JCJB and Auto Armor are parties to an agreement, whereby Plaintiffs agreed to sell VSCs and Defendant agreed to pay them pursuant to the

4

aforementioned formula. This agreed upon amount Plaintiffs were to be paid was reflected in the weekly funding reports sent to them by Defendant.

26. At all times material hereto, Plaintiffs performed their obligations pursuant to the agreement.

27. Defendant materially breached its agreement with Plaintiffs when Defendant, without authorization or agreement from Plaintiffs would deduct additional amounts it paid to Plaintiffs for VSC sales which was not reflected in the weekly funding reports.

28. At all times material hereto, Plaintiffs performed their obligations pursuant to the agreement.

29. As a direct and proximate result of Defendants various breaches, Plaintiffs have suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

A. Awarding Plaintiff, compensatory damages, the costs of this action, including reasonable allowance for Plaintiff's attorneys' fees and costs, including experts' fees; and

B. Granting such other and further relief as this Court may deem just, proper and equitable, including pre-judgment and post-judgment interest.

### COUNT II – Breach of Implied In-Fact Contract

30. Plaintiffs re-allege and incorporate paragraphs 1 through 23 as if fully set forth herein.

31. Plaintiffs and Defendant entered into an agreement whereby Defendant would pay Plaintiffs for selling VSCs on its behalf.

32. Defendant agreed to pay Plaintiffs a specified amount for the sale of each VSC based on an agreed upon formula.

33. Defendant would send out weekly funding reports to Plaintiffs which would reflect the specific amount Defendant was to pay Plaintiffs for that week's VSC sales.

34. Defendant materially breached its agreement with Plaintiffs when Defendant without authorization or agreement from Plaintiffs would deduct additional amounts it paid to Plaintiffs for VSC sales which was not reflected in the weekly funding reports.

35. As a direct and proximate result of Defendants various breaches, Plaintiffs have suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

A. Awarding Plaintiff, compensatory damages, the costs of this action, including reasonable allowance for Plaintiff's attorneys' fees and costs, including experts' fees; and

B. Granting such other and further relief as this Court may deem just, proper and equitable, including pre-judgment and post-judgment interest.

## COUNT III – Unjust Enrichment

36. Plaintiffs re-allege and incorporate paragraphs 1 through 23 as if fully set forth herein.

37. Plaintiffs conferred a benefit upon Defendant.

38. Defendant had knowledge of the benefit conferred upon it by Plaintiffs and retained said benefits.

39. The circumstances make it unjust for Defendant to retain the benefits conferred upon it by Plaintiffs without compensation.

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

A. Awarding Plaintiff, compensatory damages, the costs of this action, including reasonable allowance for Plaintiff's attorneys' fees and costs, including experts' fees; and

B. Granting such other and further relief as this Court may deem just, proper and equitable, including pre-judgment and post-judgment interest.

## COUNT IV - Fraud

40. Plaintiffs re-allege and incorporate paragraphs 1 through 23 as if fully set forth herein.

41. This is an action against Defendant for fraud.

42. As alleged herein, Defendant made false statements concerning material facts and/or the omission of material facts. Specifically, Defendant made a material omission to Plaintiffs when it failed to disclose that it would be routing phone calls to Plaintiffs from illegal robo-dialing systems and numbers that were on the "Do Not Call" directory. Defendant also made false statements concerning the way Plaintiffs would be paid. Defendant represented to Plaintiffs that they would be paid pursuant to a set formula that was represented in the weekly funding reports sent to Plaintiffs. Yet, Defendant would pay Plaintiffs amounts that did not reflect what the weekly funding reports purported that Plaintiff should be paid.

43. Defendant had knowledge that its statements were false.

44. Defendant made the false statements and/or intentionally omitted material facts to induce Plaintiffs into selling VSCs on its behalf.

45. Plaintiffs were injured by acting in reliance upon the intentional omissions and/or misrepresentations made by Defendant.

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

A. Awarding Plaintiff, compensatory damages, the costs of this action, including reasonable allowance for Plaintiff's attorneys' fees and costs, including experts' fees; and

B. Granting such other and further relief as this Court may deem just, proper, and equitable, including pre-judgment and post-judgment interest.

### COUNT V - Violation of FDUTPA (Fla. Stat. § 501.201, *et seq.*)

46. Plaintiffs re-allege and incorporate paragraphs 1 through 23 as if fully set forth herein.

47. Defendant committed unconscionable acts, deceptive and/or unfair practices by routing phone calls to Plaintiffs from illegal robo-dialing systems and numbers that were on the "Do Not Call" directory. In addition, Defendant also made false statements concerning the way Plaintiffs would be paid for selling VSCs to induce them into business. Defendant represented to Plaintiffs that they would be paid pursuant to a set formula that was represented in the weekly funding reports sent to Plaintiffs. Yet, Defendant would pay Plaintiffs amounts that did not reflect what the weekly funding reports purported that Plaintiff should be paid.

48. Plaintiffs have suffered actual damages as a direct and proximate result of the Defendant's deceptive, unfair, unethical, unconscionable, and unscrupulous conduct.

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

A. Awarding Plaintiff, compensatory damages, the costs of this action, including reasonable allowance for Plaintiff's attorneys' fees and costs, including experts' fees; and

B.      Granting such other and further relief as this Court may deem just, proper and equitable, including pre-judgment and post-judgment interest.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted October 28, 2021,

    **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    *Counsel for Plaintiffs*
    110 Southeast Sixth Street, Suite 2600
    Fort Lauderdale, Florida 33301
    Telephone:  (954) 728-1280
    Facsimile:   (954) 728-1282
    E-Service: ftlemaildesig@lewisbrisbois.com

    By: *s/Ishmael A. Green*
        Ishmael A. Green, Esq.
        Florida Bar No.: 109100
        ishmael.green@lewisbrisbois.com
        linda.yun@lewisbrisbois.com
        christine.lyman@lewisbrisbois.com